Morris E. Spector, J.
This is a motion hy the president who is also a director of the New York Shipping Association-International Longshoremen’s Association Medical Center of New York, Inc. (hereafter referred to as the corporation), to quash a subpcena duces tecum, served on the corporation by the Waterfront Commission of New York Harbor. The movant contends that the commission does not have jurisdiction over it and that the subpoena is unduly broad and burdensome in that it does not specify with particularity the records and documents to be produced; that the production of privileged medical records is demanded and that the records are immaterial to the investigation. A brief background of the facts which occasioned the issuance of this subpoena indicates that the funds to provide for the medical services to the employees and their dependents are raised by contributions collected from the employees and apportioned by trustees of the Medical and Clinical Service Fund who are the members of the corporation. The annual contributions collected and assigned to the corporation by the trustees approximate $720,000 per year. The New York State Department of Insurance, while making an audit of the accounts of the welfare fund, came upon certain discrepancies in connection with the dental clinic, maintained by the fund on the portion applied to the Hoboken Clinic. It apprised the commission which agreed *443 to co-operate as it has the power to do under the Waterfront Commission Compact (L. 1953, ch. 882, § 1, art. IV, subd. 14). In the investigation, certain facts were uncovered which are sufficient to indicate that there was at least reasonable ground for such investigation. During the time that this investigation was being conducted, a contract was given to one T. C. Dental Laboratories to perform work for the New York Center. T. C. Laboratories was involved in the New Jersey investigation in which there are apparent irregularities, stemming from its contract with the Hoboken Clinic. With respect to the question of jurisdiction, ample authority is found in the statute to sustain this investigation (L. 1953, ch. 882, § 1, art. IV, subds. 11, 13). The first gives power to the commission to investigate waterfront practices generally within the port of New York district”. The second, to report “ recommendations for the improvement of the conditions of waterfront labor within the port of New York district”. ¡Surely, the misuse of funds collected from the workers, for their benefit, is at least a waterfront practice on which the commission should at least recommend improvement if such condition exists. If it does exist, it is a corrupt practice which is depressing and degrading to labor, as such it is within the purview of the 'Compact. Accordingly, the court is in accord with the New Jersey court which refused to quash a similar subpoena on jurisdictional grounds (Buoncuore v. Waterfront Comm., Superior Ct. of N. J., Law Rev., Hudson County, Docket No. L-6734-61, 1962). This case is unreported and is presently on appeal. Nor is the subpoena unduly broad and burdensome. It requires only the production of the corporate minutes of meeting and records of the corporation which, as above stated, was directly concerned with the contract between T. C. Laboratories and the New York Center. Such minutes are material and pertinent to the investigation. Finally, there is no question involved as to priviledge due confidential medical records. Such are not required to be produced by the subpoena and the commission has stated in the opposing papers that such need not be produced. Accordingly, the motion is in all respects denied.